J. S. HENDERSON, Assignee of O. G. FOARD, *v.* C. W. BESSENT and others

A bailee, where the bailment is for the benefit of both parties, is only liable for
ordinary neglect ; and this does not embrace a case of accidental destruction
by fire, without default on the part of the bailee.

A contracted to manufacture 50,000 lbs. of leaf tobacco for B, *between the 1st da
of May and the 15th day of October,* 1866, for which B was to pay 10 cents *per* lb,
and to pay the taxes and for the ingredients used in its manufacture, such
payment to be made whenever B was notified that 100 boxes were ready for
market: *Held,* that the defendants were bound to have all the tobacco man-.
ufactured on or before the day agreed upon, and that the promise of B to pay
10 cents per lb. and to pay taxes, &c., was not a condition precedent, or an
act on which A's undertaking was made to depend.

ASSUMPSIT, brought to Fall Term, 1867, of ROWAN Supe-
rior Court of Law, by Foard, and thence removed into the
Superior Court organized under the Constitution, where it
was tried before *Cannon, J.,* at Fall Term, 1871, of said
Court.

Since the institution of the suit, Foard has been declared
a bankrupt, and the plaintiff, his assignee, declared on the
trial, for the breach of a parol contract, substantially as fol-
lows:

That on the 3d of February, 1866, the defendants and
Foard entered into an agreement in which it was stipula-
ted that the defendants would manufacture for Foard 50,000
pounds of leaf tobacco, Foard agreeing to deliver it at the

defendants' factory before the 1st day of September, 1866, and to pay for its manufacture 10 cents per pound and all taxes and for ingredients at factory prices, and to make this payment as soon as he was notified that 100 boxes thereof was ready for market. The defendants agreed to manufacture the tobacco, furnishing all ingredients, between the 1st day of May and the 15th day of October, 1866.

On the trial the following facts were disclosed: That 100 boxes of the tobacco were ready about the 17th July, 1866, of which Foard was notified, who paid for its manufacture, and was allowed to remove it—no claim being made for taxes; that the remainder of the leaf tobacco was not manufactured prior to the 15th day of October, as agreed upon; that on or about the 15th November ensuing, Foard applied for his tobacco, but was put off by defendants and told that they needed money. The week after he paid defendants $800.

It also appeared that Foard had obtained a verbal promise from the Collector of Internal Revenue, Mr. Wiley, empowering him to remove the tobacco; and that early in December, 1866, he sent his son [to defendants with this message from Wiley, and they allowed him to remove 116 boxes, some of the defendants furnishing teams to assist in the removal. Soon after this he sent for more, but the defendants refused to deliver it, unless he furnished a written permit from the Collector. Some evidence was here offered tending to show that arrangements had been made with the Treasury Department to allow tobacco of this character to be removed from the factory, and assessed specially for taxation.

The factory of the defendants was burned in December, 1866, and the tobacco of Foard therein consumed.

His Honor was requested by the plaintiff to instruct the jury:

1. That if they should find that the tobacco was to be manufactured before the 15th October, and that the defend-

ants failed to do it, the plaintiff would be entitled to recover such damages as may have resulted from such failure, and that he would be entitled to recover, although the jury might be satisfied that the factory was accidentally burned without any fault of defendants.

2. That if they should find, that the payment of the tax was waived by defendants, and this was done under a misapprehension and with no intention of defrauding the government, the plaintiff could recover, although the tax was not paid; and further, that the payment of 10 cents per pound, the price for manufacturing, and also the payment for the ingredients might be waived, in any of which cases, the plaintiff would be entitled to recover.

3. That if the tobacco was not manufactured by the 15th October, the plaintiff is entitled to recover, it not being necessary to perform any condition precedent except to furnish the leaf tobacco.

Other instructions were asked, which, not being material to the point decided, are omitted.

His Honor refused to give the instructions asked, and charged the jury that it was incumbent on the plaintiff to prove to their satisfaction that he delivered the leaf tobacco as agreed; that when notified that 100 boxes were ready, he came forward and paid taxes and charges; that this payment, or his being ready and willing to pay, was a condition precedent to his right to recover. If the plaintiff had satisfied them of this, he would be entitled to recover, although the factory was accidentally burned. If the plaintiff had failed in this, or if the defendants had satisfied them that the time for manufacturing the tobacco had been extended by the plaintiff to a time beyond the date of the burning, the defendants would be entitled to their verdict.

There was a verdict for the defendants. Rule for a new trial; rule discharged. Judgment and appeal by plaintiff.

15

*Bailey*, for plaintiff.

*Blackmer & McCorkle*, contra.

PEARSON, C. J.   The bailment was for the benefit of both parties; so upon the settled distinction, the bailee is only liable for ordinary neglect, which does not embrace a case of accidental destruction by fire, without default on the part of the bailee.   Let it be granted that the defendant was in default in this, the tobacco was not all manufactured at the time agreed on.   The delay was not the *proximate cause* of the loss by fire, and according to all of the authorities, is too remote in its bearing as a ground to subject the defendant for the value of the tobacco that was burnt.   This position could not be seriously contested, and the case dwindles down into a question for nominal damages to carry costs.

His Honor was of opinion that the payment of the taxes, and for the ingredients, was a dependent condition, according to the terms of the agreement, and that on failure by Foard, the defendant was excused for not completing his part of the contract, and having all of the tobacco manufactured by the time stipulated.

In this there was error.   The defendant was bound to have all of the tobacco manufactured on or before the day agreed upon, and the promise of Foard to pay 10 cents per pound, taxes and costs of ingredients, was accepted as an independent agreement, upon which the defendant was willing to rely without making its performance a condition precedent, or an act on which the defendant's undertaking was made to depend, so that a failure on the part of Foard would have the effect of relieving the defendant from his undertaking to manufacture the tobacco by the day fixed. Upon the evidence, his Honor ought to have charged that the defendant was not liable for the value of the tobacco which was lost by accident, but that the plaintiff was entitled to nominal damages for the breach of the agreement as

to time, which will carry the costs. This really seems to be the only purpose for protracting the litigation.

Error. *Venire de novo.*

This will be certified.

PER CURIAM.                                    *Venire de novo.*